## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

———————————————

AMBER NEWKIRK, et al.,

           Plaintiffs,

      v.

JOHN SENTMAN, et al.,

           Defendant.

———————————————

No. 1:20-cv-03055-NLH-JS

**OPINION**

**APPEARANCES**:

DAVID S. ROCHMAN
EXECUTIVE MEWS
1930 ROUTE 70 EAST
SUITE G39
CHERRY HILL, NJ 08003

*Attorney for Plaintiffs Amber Newkirk and Waymon Newkirk.*

LORI S. KLINGER
KENT & MCBRIDE, P.C.
1040 KINGS HIGHWAY NORTH
SUITE 600
CHERRY HILL, NJ 08034

*Attorney for Defendants John Sentman and Brandie Mulvena.*

CASEY GENE WATKINS
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

JASON ALLEN LECKERMAN
BRITTANY MARIE WILSON
BALLARD SPAHR LLP
1735 MARKET STREET
51ST FLOOR
PHILADELPHIA, PA 19103

*Attorneys for Defendant Cigna Health and Life Insurance Company.*

JAMES C. NELSON
COOPER MAREN NITSBERG VOSS & DECOURSEY
485 ROUTE 1 SOUTH, BLDG A, SUITE 200
ISELIN, NJ 08830

*Attorney for Defendant Progressive Garden State Insurance Company.*

**HILLMAN**, District Judge

Presently before the Court are Defendant Cigna Health and Life Insurance Company's motions to dismiss all claims asserted against it by Plaintiffs Amber and Waymon Newkirk and all crossclaims asserted against it by Defendants John Sentman and Brandie Mulvena.  For the reasons expressed below, both motions will be granted, and Plaintiffs will be permitted to file an amended complaint within thirty days.

<b><u>Background</u></b>

Plaintiff Amber Newkirk alleges that on March 4, 2018, she was operating a motor vehicle in the Township of Voorhees, New Jersey.  According to Plaintiff, Defendant John Sentman negligently "swerved into plaintiff(s) lane of traffic, thereby causing his vehicle to side swipe plaintiff(s) vehicle." (ECF No. 1-1 at ¶ 3).  Plaintiff alleges that as a result of this incident, she was "violently thrown about the interior of her vehicle causing severe and disabling injuries." Id at ¶ 5.  The vehicle operated by Sentman was allegedly owned by Defendant Brandie Mulvaney, who Plaintiff claims negligently allowed

2

Sentman to operate the vehicle with her implicit or explicit
permission.

Plaintiff further alleges that on or about the date of the
accident, she gave notice to Cigna, and made a claim for payment
of health benefits afforded to her by a policy issued to her by
Cigna.  Plaintiff claims that although she is entitled to such
payments, Cigna has "failed, refused and neglected to pay the
full benefits."  Id. at ¶ 27.  Finally, Plaintiff Waymon
Newkirk, Amber Newkirk's husband, alleges that as a result of
the accident and Cigna's failure to pay his wife full benefits,
he has and will continue to suffer "the loss of usual services
and consortium of his wife, and has been required to provide
special care and services to her and to undergo costs and
expenses in his endeavor to help cure her of her injuries."  Id.
at ¶ 38.

Plaintiffs originally filed their Complaint in New Jersey
Superior Court on February 13, 2020.  (ECF No. 1).  The
Complaint alleges 6 causes of action: claims of negligence
against Defendants Sentman and Mulvaney (Counts 1 and 2), a
claim for breach of contract against Cigna (Count 3), a claim
against Progressive Garden State Insurance Company, which has
been voluntarily dismissed by Plaintiffs (Count 4) (ECF No. 20),
a claim for loss of consortium against all Defendants (Count 5),
and a claim that simply incorporates all prior alleged facts and

3

"demands judgment" against all Defendants without specifying a specific cause of action (Count 6).

On March 19, 2020, Cigna removed the case to this Court arguing that "Plaintiffs allege CHLIC failed to pay the full amounts for medical services rendered under an employer-sponsored health-benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*," and accordingly the Court has federal question jurisdiction over the action.  Cigna then moved to dismiss all claims against it on May 26, 2020.  (ECF No. 12).  Three days later, on May 29, Defendants Sentman and Mulvaney filed their Answer to the Complaint, which further asserted two crossclaims against Cigna for contribution and indemnification related to any liability they may incur in this action.  (ECF No. 13).  Cigna then filed a motion to dismiss those crossclaims on June 12, (ECF No. 16), which has not been opposed by Sentman and Mulvaney.  Plaintiffs filed a brief opposing Cigna's motion to dismiss their claims against it on June 22, (ECF No. 22), and Cigna filed a reply brief further in support of its motion on June 29.  (ECF No. 19).

## Discussion

**I.   Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this matter because complete preemption of Plaintiffs' breach of contract

4

and loss of consortium claims exists under § 502(a) of the
Employee Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. §§ 1001 *et seq*, as outlined further below.  The Court
further has supplemental jurisdiction over the related state law
claims pursuant to 28 U.S.C. § 1367.

## II.  Legal Standards for Motions to Dismiss

When considering a motion to dismiss a complaint for
failure to state a claim upon which relief can be granted
pursuant to Federal Rule of Civil Procedure 12(b)(6), a court
must accept all well-pleaded allegations in the complaint as
true and view them in the light most favorable to the plaintiff.
Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well
settled that a pleading is sufficient if it contains "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do . . . ."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (alteration in original)
(citations omitted) (first citing Conley v. Gibson, 355 U.S. 41,
47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,

40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough

facts to state a claim to relief that is plausible on its face.'" <u>Malleus</u>, 641 F.3d at 563 (quoting <u>Twombly</u>, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

## III. **Analysis**

As outlined above, presently pending before the Court are Cigna's motions to dismiss both the claims asserted against it by Plaintiffs in their Complaint, and the crossclaims asserted against it by Defendants John Sentman and Brandie Mulvena. The Court will turn first to the motion to dismiss Plaintiffs' claims.

A. **Plaintiffs' claims against Defendant Cigna are preempted under ERISA.**

Cigna first moves to dismiss the claims asserted against it by Plaintiffs in the Complaint.  As outlined above, Plaintiffs have put forth two causes of action against Cigna: a breach of contract claim for Cigna's alleged failure to pay benefits to which Plaintiff claims she is entitled to under her policy with Cigna,[1] and a loss of consortium claim by her husband similarly based on Cigna's alleged actions.  Defendant argues that Plaintiffs' claims are directly pursuing benefit amounts under an employer-sponsored health-benefits plan governed by ERISA, and therefore are both completely preempted under ERISA § 502(a)(4) and explicitly preempted under § 514(a) because they "relate to" Cigna's administration of Plaintiff's benefits claim for coverage and challenge Cigna's benefits determination.

ERISA creates two forms of preemption for state law claims. The Court turns first to Cigna's arguments regarding complete preemption under § 502(a)(4), as finding complete preemption under that provision is not only one path to dismissal of Plaintiffs' claims, but is also necessary to establish subject matter jurisdiction over this action.  Sautter v. Comcast Cable

---

[1] Although the Complaint does not label Count 3 as a breach of contract claim, the basis for liability asserted clearly sounds in contract law, and in their opposition brief Plaintiffs explicitly stated that their claim is for "Contractual Breach." (ECF No. 17 at 2).

Co., No. 14-5729 (NLH/KMW), 2015 WL 2448949, at *3 (D.N.J. May 20, 2015) ("[U]nlike Section 502(a), which is jurisdictional and creates a basis for removal to federal court, preemption under Section 514 displaces state law for federal law but does not confer federal jurisdiction.") (citing Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000), cert. denied, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 719 (2001)).  Although Plaintiffs did not move to remand the matter to state court, this Court has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

Section 502 "is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 399-400 (3d Cir. 2004) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)), cert. denied, 546 U.S. 813, 126 S.Ct. 336, 163 L.Ed.2d 48 (2005); see also Dukes v. United States Healthcare, Inc., 57 F.3d 350, 354 (3d Cir. 1995) ("The Supreme Court has determined that Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of

ERISA's civil-enforcement provisions."). "As a result, state law causes of action that are 'within the scope of ... § 502(a)' are completely pre-empted and therefore removable to federal court." Pascack Valley Hosp., 388 F.3d at 400 (internal citations omitted). To determine whether a plaintiff's claims are completely preempted under ERISA, and therefore whether subject matter jurisdiction exists and dismissal of the claims is appropriate, the Third Circuit uses a two-part test. Claims are completely preempted if "(1) the [plaintiff] could have brought its . . . claim under § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." Id. at 400. This test is conjunctive, meaning that "a state law cause of action is completely preempted only if both of its prongs are satisfied." Id.

    Here, the application of this test is simple. In fact, claims such as Plaintiffs' are prototypical examples of claims that are subject to complete preemption under ERISA. See Lazorko v. Pa. Hosp., 237 F.3d 242, 250 (3d Cir. 2000) ("One example of complete preemption is a claim for denial of benefits under an ERISA plan."). Plaintiff Amber Newkirk's breach of contract claim, on its face, is a claim for denial of benefits. Newkirk explicitly seeks "full payment of benefits" due to her under the plan based on Cigna's allegedly improper failure to pay them after she made a claim. There is simply no question

that this is the sort of claim that she could have brought under
ERISA, and the only legal duty supporting her claim for full
payment of benefits is the ERISA plan in question here.
"Because the state law claim is based on the administration of
benefits, Plaintiff's breach of contract claim[] is completely
preempted by ERISA."  Tellep v. Oxford Health Plans, No. 18-392-
BRM-TJB, 2018 WL 4590000, at *6 (D.N.J. Sept. 25, 2018); see
also Elite Orthopedic & Sports Med. PA v. Aetna Ins. Co., No.
14-6175, 2015 WL 5770474, at *3 (D.N.J. Sept. 30, 2015) (finding
the "breach of contract claims obviously look for recovery of
insurance benefits under the insureds' health plan, and so they
fall within the scope of [Section] 502(a)").  The same is true
of Plaintiff Waymon Newkirk's loss of consortium claim.  The
Complaint makes clear that this claim is based only on "the
injuries and damages suffered by [Amber Newkirk] as set forth
above," — therefore the claim, as asserted against Cigna, has no
other basis than in the denial of her benefits, the only actions
alleged to have been taken by Cigna.  The Court accordingly
finds that subject matter jurisdiction is proper here, and that
Plaintiffs' claims are completely preempted under ERISA.

     Plaintiffs, for their part, put forth only two arguments in
opposition to the motion to dismiss.  First, they argue that
their claims are not state law claims, and therefore are not
preempted by ERISA.  The section of their brief asserting this

argument states that "Herein, there are no State Law claims. There is a claim for Contractual Breach.  The Plaintiff is entitled to adjudication since the matter is in District Court, there is no State Law claim at issue."  (ECF No. 17 at 2).

Plaintiffs' argument fails to address the central issue of preemption.  A breach of contract claim is a standard example of a state law cause of action.  "The duty to follow the precepts of a validly-made contract arises from state law, and no federal right is implicated in the claim that the contract has been broken."  Hallstead-Great Bend Joint Sewer Auth. v. McElwee Grp., LLC, No. 3:16-CV-01467, 2016 WL 7188215, at *5 (M.D. Pa. Dec. 12, 2016).  And contrary to Plaintiffs' apparent assertion otherwise, the fact that this case is in federal court does not transform state law claims into federal claims.  Plaintiffs have failed to put forth any sufficient argument as to why their claims are not state law claims.  Regardless, their argument could not suffice to avoid ERISA preemption; it has long been established that "any federal common law contract claim raised by Plaintiffs is pre-empted by ERISA."  Battoni v. IBEW Local Union No. 102 Employee Pension Plan, 569 F. Supp. 2d 480, 495 (D.N.J. 2008) (citing Hughes Aircraft v. Jacobson, 525 U.S. 432, 447 (1999)).

Plaintiffs' second argument, no more persuasive, appears to be that Cigna has not sufficiently established that the benefits

12

plan in question here is an ERISA plan.  However, although
Plaintiffs assert that Cigna "has not provided one scintilla of
information" to support its argument that the plan is an ERISA
plan, Defendants have pointed out that the plan itself
explicitly states that "EHS Technologies Corporation (the
Employer) has established an Employee Welfare Benefit Plan
within the meaning of the Employee Retirement Income Security
Act of 1974 (ERISA)." (ECF No. 12-3, Ex. A at 5).[2]  In fact, a
search for "ERISA" in the plan provides 26 mentions of the
statute, many of which arise in the plan's lengthy description
of the way a member may pursue any claims or legal actions under
the policy pursuant to ERISA.  See id. at 41-51.  Given the
plain language of the plan, and Plaintiffs' failure to put forth
any cogent argument as to why the plan is not an ERISA plan, the
Court finds that this argument also fails, and Plaintiffs'
claims against Cigna are completely preempted.

    While the finding of complete preemption of Plaintiffs'
claims against Cigna is dispositive, the Court notes that those
claims are also preempted under § 514(a).  "Section 514(a), the

---

[2] Although the plan itself was not attached to the Complaint,
Plaintiffs' themselves appear to concede its authenticity in
citing to the Plan in their opposition brief, and their breach
of contract claim is clearly and inarguably based on the plan.
Accordingly, the Court may consider it in ruling on Cigna's
motion to dismiss.  Pension Benefit Guar. Corp., 998 F.2d at
1196.

express preemption provision of ERISA, provides that ERISA
preempts 'any and all State laws insofar as they ... relate to
any employee benefit plan' covered under the statute." <u>Advanced
Orthopedics and Sports Medicine Institute v. Empire Blue Cross
Blue Shield</u>, No. 17-cv-08697 (FLW) (LHG), 2018 WL 2758221, at *3
(D.N.J. June 7, 2018).  The Third Circuit has previously held
that claims "relate to" an ERISA benefit plan when the court
must look to the terms of the plan to determine the merits of
the claim.  <u>Kollman v. Hewitt Associates, LLC</u>, 487 F.3d 139, 150
(3d Cir. 2007).  State common law claims fall within this
definition, and the Third Circuit has repeatedly held that
"suits against . . . insurance companies for denial of benefits,
even when the claim is couched in terms of common law . . .
breach of contract" are preempted under § 514(a).  <u>Pryzbowski v.
U.S. Healthcare, Inc.</u>, 245 F.3d 266, 278 (3d Cir. 2001).  <u>See
also</u> <u>Menkes v. Prudential Ins. Co. of Am.</u>, 762 F.3d 285, 296 (3d
Cir. 2014) (holding that state law breach of contract claims
over denial of benefits "relate to the administration of . . .
ERISA plans" and are therefore expressly preempted); <u>Ford v.
UNUM Life Ins. Co. of Am.</u>, 351 F. App'x. 703, 706 (3d Cir. 2009)
(holding that the plaintiff's state law claim for breach of
contract was preempted under ERISA).

Here, there is no true argument that Plaintiffs' claims are
not preempted under § 514(a).  Again, as outlined above, Count 3

14

seeks only "full payment of benefits" under the plan due to
Cigna's allegedly improper denial of her claim.  And Count 5,
for loss of consortium, has no other basis or underlying factual
allegations relating to Cigna besides the denial of Amber's
benefits claim, and therefore is similarly preempted.  See
LaMonica v. Guardian Life Ins. Co. of Am., No. 96-6020, 1997 WL
80991, at *6 (D.N.J. Feb. 20, 1997) (holding that loss of
consortium claim "related to the processing of [plaintiff's]
ERISA benefits" and thus was preempted).  Accordingly, the Court
finds that Plaintiffs' claims against Cigna are preempted under
this provision of ERISA as well.

Given the Court's finding of preemption under both § 502
and § 514(a), the remaining question is how to properly handle
Plaintiffs' claims.  Although a court may choose to convert a
plaintiffs' preempted claims into ERISA claims, "courts within
the Third Circuit typically dismiss the preempted state law
claims and grant leave to amend the complaint to plead ERISA
claims, so as to provide defendants with proper notice of the
nature of these claims."  Chang v. Prudential Insurance Company
of America, No.: 16-cv-3351, 2017 WL 402980, at *4 (D.N.J. Jan.
30, 2017) (citing Estate of Jennings v. Delta Air Lines, Inc.,
126 F. Supp. 3d 461, 471 (D.N.J. 2015)).  Accordingly, Cigna's
motion to dismiss will be granted, and all claims asserted
against it will be dismissed without prejudice.  Plaintiffs will

15

be permitted 30 days to file an amended complaint properly pursuing any claims against Cigna under ERISA.[3]

## B. **The crossclaims asserted against Defendant Cigna must also be dismissed.**

In their Answer to the Complaint, Defendants Sentman and Mulvaney asserted crossclaims against Cigna for contribution and indemnification.  Cigna moves to dismiss both claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that they have failed to allege sufficient facts to support their claims.  While Defendants Sentman and Mulvaney have not filed any opposition to this motion, "the Court must address unopposed motions to dismiss a complaint on the merits." Estate of Casella v. Hartford Life Ins. Co., No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

The Court agrees with Cigna, and will grant its motion to dismiss the two crossclaims.  It is well established that "Rule 8's pleading standard applies to cross-claims made pursuant to Rule 13(g)."  Hunsberger v. Original Fudge Kitchen, No. 18-15177

---

[3] The Court notes that Plaintiffs have also asserted Count 6 against all Defendants.  However, Count 6 does not specify any cause of action, and simply "demands judgment" against Defendants based on the factual allegations and claims outlined prior to it.  Accordingly, to the extent that Count 6 was intended to assert a separate claim against Cigna, it is directly based on the preempted Counts 3 and 5, and will similarly be dismissed as to Cigna.

(RBK/KMW), 2020 WL 6620156, at *1 (D.N.J. Nov. 12, 2020) (citing Mathis v. Camden Cnty., No. 08-6129, 2009 WL 4667094 (D.N.J. Dec. 3, 2009)).  As crossclaims against a co-defendant, the two claims here are made pursuant to Federal Rule of Civil Procedure 13(g).  And, as Cigna notes, Sentman and Mulvaney have entirely failed to plead any facts at all in support of their crossclaims.  Instead, those claims simply (1) "assert[] that the Co-Defendants, if any, are joint tortfeasors and demand contribution to any adverse verdict pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and the Joint Tortfeasors Contribution Act, N.J.S.A., 2A:53A-1," and (2) assert that they are "entitled to be indemnified and saved harmless from all loss or liability, including attorney's fees and defense costs arising from the instant litigation, by Co-Defendant(s), herein, pursuant to common law and states that its tortious wrongdoing, if any, was secondary, imputed, and vicarious and that the tortious wrongdoing, if any, of the Co-Defendant(s) herein is, the primary, active, and direct cause of the delict and damages alleged by the Plaintiff." (ECF No. 13 at 7).  With no facts alleged to support these claims, the Court finds that Sentman and Mulvaney have failed to state a claim and will grant Cigna's motion to dismiss.

## Conclusion

For the reasons expressed above, Defendant Cigna's motions to dismiss all claims asserted against it in Plaintiffs' Complaint (ECF No. 12) and to dismiss Defendants Sentman and Mulvaney's crossclaims (ECF No. 16) will be granted.  Plaintiffs may file an amended complaint properly asserting any ERISA claims they wish to pursue within thirty (30) days of the entry of this Opinion and its accompanying Order.

An appropriate Order will be entered.


Date: December 11, 2020              /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

18